SCOTTSDALE INSURANCE COMPANY, Plaintiff,

v.

LOCK TOWNS COMMUNITY MENTAL HEALTH CENTER, INC., a Florida corporation, and Kimberly Foster, Defendants.

No. 05–22630–CIV–KING.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 11, 2006.

Matthew L. Litsky, Esq., Julie Karen Narhi, Esq., Phelps Dunbar, Tampa, FL, for Plaintiff.

Roy D. Wasson, Esq., Annabel Castle Majewski, Esq., Wasson & Associates, Coral Gables, Karen A. Gievers, Esq., Tallahassee, FL, for Defendants.

***ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF COVERAGE***

JAMES LAWRENCE KING, District Judge.

This Matter comes before the Court upon Defendants' Motion for Summary

---

Judgment, filed April 14, 2006 (DE # 51), and Plaintiff's Motion for Judgment on the Pleadings, filed April 13, 2006 (DE # 45).

## I. Facts

In 2003, Defendant Kimberly Foster filed suit in Florida state court against the contracted case manager, Citrus Mental Health, and the Department of Children and Families-not parties here-and Defendant Locktowns, which operated the facility where Foster was kept for approximately three years. Foster's November 25, 2003, Amended Complaint (in the underlying action) alleged that while she was relegated to its facility, Locktowns "breached its obligations and violated [Foster's] right to be kept safe," such that she was subjected to "multiple incidents in which excessive force and abuse was inflicted upon her," including being "physically abused by staff hitting her," and being "subjected to continual disparagement, ridicule, taunting and insults" by staff, despite her "fragile mental and psychological state." (Underlying Complaint at 12.)

## II. Procedural History

Plaintiff Scottsdale Insurance Company filed suit in this Court on October 3, 2005, under the Declaratory Judgment Act, seeking a declaration that no coverage exists under any of the policies it sold to Defendant Locktowns, and that it therefore did not owe a duty to defend Locktowns in the underlying case. Defendant Foster, individually and as assignee of Locktowns, filed a Counterclaim (DE # 6) with her November 16, 2005, Answer, seeking to force Scottsdale to pay the $550,000.00 settlement agreed to by Defendants Locktowns and Foster. On January 3, 2006, with leave of Court and without objection, Plaintiff filed an Amended Complaint (DE # 30). Defendants again answered and reasserted their Counterclaim on January 13, 2006 (DE # 35).

On January 30, 2006, Plaintiff filed a Motion to Dismiss or Stay the Counterclaim (DE # 38), arguing that the Counterclaim should be dismissed, or at least stayed, because under Florida law, coverage/liability issues have to be determined before bad faith claims can be brought. The Court by Order of February 14, 2006 (DE # 43), granted the Motion in part, stayed the Counterclaim pending resolution of the threshold coverage issue, and set a briefing schedule for Cross–Motions for Summary Judgment on that issue. Those Motions are now ripe.

## III. Standard of Review

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no requirement that the trial judge make findings of fact. *Id.* at 251, 106 S.Ct. 2505.

The moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). If the movant meets its burden, the burden then shifts to the non-moving party

to establish that a genuine dispute of material fact exists. *Id.* To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston*, 9 F.3d at 919. A mere scintilla of evidence in support of the non-moving party's position is insufficient, however, to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *Id.* at 249–50, 106 S.Ct. 2505.

## IV. Analysis

■ Plaintiff argues that Defendant Foster's claims in the underlying case do not emanate from an "occurrence" under the CGL policy, because of exclusions for intentional injury and professional malpractice. The expected/intended injury exclusion reads as follows:

"This insurance does not apply to:

**a. Expected or Intended Injury**

'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

CGL Policy, Section I.2

Section II, titled "Who is an Insured," defines the insured as the organization. It also provides that the executive officers and directors are (additional) insureds, but "only with respect to their duties as . . . officers and directors," and that employees other than executive officers are insureds "only for acts within the scope of their employment . . . or while performing duties related to the conduct of [the] business," but that employees are not (additional) insureds for " '[b]odily injury' or 'personal injury' . . . [a]rising out of his or her providing or failing to provide professional health care services."

Plaintiff argues that because an employee is an additional insured, the employee's intentional acts are covered by the intentional injury exclusion. There are several problems with this argument. First, the exclusion speaks of injury "expected or intended from the standpoint of the insured," and the insured in *this* Case is Locktowns, not its employees.[1] Second, the underlying complaint alleges conduct that was knowingly wrongful, but does not allege that the *injury* was intentional. Third, and most importantly, the underlying complaint seeks damages from Locktowns for negligence in failing to keep Ms. Foster safe from its employees, not for any supposed intentional acts by Locktowns itself. For these reasons, coupled with the narrow interpretation of this type of clause under Florida law, and the canon that instruments are interpreted *contra proferentem*, the expected/intended injury exclusion did not excuse Plaintiff Scottsdale from providing a defense in the underlying action.

■ The other provision upon which Plaintiff relies is the Designated Professional Services Exclusion, which excludes coverage for injuries due to the rendering or failure to render a professional service. This exclusion precludes coverage of medical malpractice claims, not merely against doctors, but also against others assisting in the provision of the doctors' medical services. Yet the underlying complaint alleg-

---

1. If Foster had sued a Locktowns' employee, he might also be an insured, entitled to a defense, depending upon the activity giving rise to the claims.

es a failure of the facility's duty to keep Ms. Foster safe, not of its duty to provide proper psychiatric treatment. Of all of the allegations in the underlying complaint, the only one that perhaps should be read to fall under the exclusion is abuse through chemical restraints, to the extent these were used in a professional capacity. Even if a larger portion of the claims would be excluded, however, as long as some of the claims give rise to coverage, Scottsdale owed Locktowns a defense. *See Guideone Elite Insurance Co. v. Old Cutler Presbyterian Church*, 420 F.3d 1317 (11th Cir.2005).

### V. Conclusion

Plaintiff's position implicitly requires the Court to delve beyond the allegations of the underlying complaint and recharacterize Ms. Foster's claims as ones for intentional injury and professional malpractice. The issue here, however, is Scottsdale's refusal to participate in the underlying case, which was the proper forum for proving or disproving Ms. Foster's allegations. Since the allegations of the underlying complaint fall within the CGL policy, Scottsdale owed Locktowns a defense and Summary Judgment on the coverage issue should enter for Defendants.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant Foster's Motion for Summary Judgment (**DE # 51**) be, and the same is hereby **GRANTED**. It is further

ORDERED and ADJUDGED that Plaintiff's Motion for Judgment on the Pleadings (**DE # 45**) be, and the same is hereby **DENIED**. It is further

ORDERED and ADJUDGED that the Stay (DE # 43) of Defendants' Counterclaim is hereby LIFTED. The Parties shall immediately commence discovery on the issues presented by the Counterclaim. Trial will be set by separate order.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida, this 11th day of August, 2006.